# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00504-CV

---

**Woodhull Ventures 2015, L.P., Appellant**

**v.**

**Megatel Homes III, LLC, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-0635-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.003.[1] We will affirm the district court's order.

## BACKGROUND

Megatel Homes III, LLC, is a Texas company that constructs custom homes and other residential facilities. Woodhull Ventures 2015, L.P., is a Delaware partnership that "develops real estate for use in building homes." In February of 2017, Woodhull and Megatel executed a contract under which Woodhull would sell Megatel certain real estate for a "master planned community being developed." As part of that contract, Woodhull agreed to provide a

---

[1] The Texas Legislature recently amended the TCPA, but those amendments do not apply to this case, and all statutory citations refer to the law as it read in 2018.

"soil report for the Property or Subdivision signed by [Woodhull's] geotechnical engineer" or to advise Megatel if such a report was not feasible. In requesting this report, Megatel apparently wanted to ensure that "applicable lots ha[d] been completed, at [Woodhull's] expense, in accordance with Lot Construction Plans and Block Grading Plans." According to Megatel, Woodhull had agreed to provide lot-by-lot soil analysis. Woodhull, however, ultimately provided a report that included street-specific—but not lot-specific—soil analysis. While Megatel asserts that this report was contractually inadequate, Woodhull maintains that the report satisfied its contractual obligation.

When the parties were unable to resolve their disagreement over the soil analysis, Megatel sued Woodhull for breach of contract and fraud and sought declaratory relief regarding its rights under the contract. Woodhull responded with a general denial and a motion to dismiss under the TCPA, *see id*. § 27.003, arguing that all claims arose from its constitutionally afforded right to freedom of speech. The trial court denied the motion and Woodhull timely appealed to this Court. *See id*. § 27.008 (affording right to accelerated interlocutory appeal).

**DISCUSSION**

The TCPA allows a party to move for dismissal of any "legal action that is based on, related to, or in response to [that] party's exercise of the right of free speech, right to petition, or right of association." *See id*. § 27.003. Its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government," while still "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." *See id*. § 27.002. "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to

2

intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (citing Tex. Civ. Prac. & Rem. Code § 27.003). "Under the first step, a movant seeking to prevail on a motion to dismiss under the TCPA has the burden to 'show[ ] by a preponderance of the evidence that the [non-movant's] legal action is based on, relates to, or is in response to the [movant's] exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 872 (Tex. App.—Austin 2018, pet. filed) (quoting Tex. Civ. Prac. & Rem. Code § 27.005(b)). In the second step, if the court "determines that the movant has met his burden to show that the TCPA applies, the burden shifts to the non[-]movant to establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). Even where the non-movant can do so, the court must dismiss the legal action "'if the [movant] establishes by a preponderance of the evidence each essential element of a valid defense to the non[-]movant's claim.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). We review the disposition of a motion to dismiss under the TCPA under a de novo standard of review. *Serafine v. Blunt*, 466 S.W.3d, 352, 357 (Tex. App.—Austin 2015, no pet.).

Woodhull contends the district court erred by denying the motion to dismiss, raising alternative arguments: (1) that the TCPA applies to Megatel's claims; (2) that Megatel cannot make out a prima facie case for the elements of its claims; and (3) that the claims do not fall into any statutory exception. Megatel argues that even if the statute applies to its claims—a point it does not concede—it can make out a prima facie case for each element of the claims and the claims fall into the TCPA's exception for commercial speech. *See* Tex. Civ. Prac. & Rem. Code § 27.010(b).

There is no genuine dispute that Megatel's claims are "legal actions" as that phrase is defined by the TCPA, and the parties do not argue otherwise. *See id*. § 27.001(6) (defining "legal action" to include any "cause of action"); *Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 85 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (holding claims of breach and fraud within purview of TCPA before holding that plaintiff would prevail on second prong of analysis); *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 298, 303 (Tex. App.—Austin 2018, pet. filed) (declaratory judgment). These legal actions arise from Woodhull's exercise of its right to free speech. The "exercise of the right of free speech" includes any "communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(7). "Matters of public concern" include issues related to "community well-being" or "goods products or services in the market." *Id*. § 27.001(3). As the Supreme Court of Texas has explained, "[I]n the context of a small residential community . . . any allegation of malfeasance and criminality by the developer . . . likely concerns the well-being of the community as a whole." *See Adams v Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018). In this case, Megatel's claims of breach and fraud relate to Woodhull's street-by-street soil report and its alleged refusal to provide lot-specific soil analysis, which Megatel contends undermine its ability to construct safe, stable housing. Thus, because Woodhull's report and related communications affect the well-being of the community as a whole, these claims and the related claim for declaratory relief fall within the purview of the TCPA. *See id*. at 896–97; *Craig*, 550 S.W.3d at 303.

Because Woodhull satisfied its burden to show the TCPA applies to Megatel's claim, Megatel must make a prima facie case for each element of its claims or must demonstrate that its claims fall into a statutory exception to avoid dismissal. Tex. Civ. Prac. & Rem. Code

4

§§ 27.005(c), .010; *Grant*, 556 S.W.3d at 872–73. As the latter question is dispositive of this appeal, we will analyze the applicability of the commercial-speech exception, Tex. Civ. Prac. & Rem. Code § 27.010(b), on the assumption that Megatel can meet its burden to establish a prima facie case for its claims. *See* Tex. R. App. P. 47.1 (requiring courts of appeals to render opinions "as brief as practicable").

The commercial-speech exception provides that the TCPA "does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing . . . services, if the statement or conduct arises out of the sale or lease of goods, services . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." Tex. Civ. Prac. & Rem. Code § 27.010(b). A claim falls into an exception when four conditions are met. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018). First, the non-movant must have been "primarily engaged in the business of selling or leasing goods" or services at the time the disputed statement was made. *Id*. Second, that party must have "made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services." *Id*. Third, this statement must have "[arisen] out of a commercial transaction involving the kind of goods or services the defendant provides." *Id*. Fourth, the "intended audience of the statement or conduct" must have been the "actual or potential customers of the defendant for the kind of goods or services the defendant provides." *Id*.

The record before this Court confirms that each element of the exception is satisfied here. Woodhull is primarily engaged in the business of selling services—specifically, and as attested by one of Woodhull's own partners, Woodhull "develops real estate for the use in building homes within the area of Austin, Texas." In the capacity of providing those services to

5

Megatel and as part of a commercial transaction—i.e., the contract—for that service, Woodhull agreed to provide soil analysis. And finally, it is undisputed that Megatel is an actual customer of Woodhull's. Megatel's claims therefore fall into the commercial-speech exemption from the TCPA's dismissal mechanism. *See id.*

Woodhull nevertheless contends that because Megatel's claims relate to omissions in the report, rather than statements made in the report, and because Woodhull hired a third party to prepare that report, those claims cannot—as a matter of law—relate to commercial speech. But Woodhull mischaracterizes the allegations underlying Megatel's claims. Megatel's claims of breach and fraud are predicated not only on the report and any omissions, but on statements Woodhull allegedly made while negotiating and executing the contract. Moreover, this Court has already rejected the argument that the TCPA does not reach omitted statements in a report. *See Mustafa v. Pennington*, No. 03-18-00081-CV, 2019 WL 1782993, at *3 (Tex. App.—Austin Apr. 24, 2019, no pet.) (mem. op.). Thus, the district court did not err in holding the TCPA's commercial-speech exception applicable and denying Woodhull's motion to dismiss pursuant to Section 27.003 of that statute.

## CONCLUSION

Because the district court did not err in denying the motion to dismiss pursuant to Section 27.003 of the Texas Civil Practice and Remedies Code, we affirm its order.

_____
Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   July 24, 2019